IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNIE CREAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 C 6675 |
| ) | |
| P.O. BRIAN NAGRA #300 and ) | Judge Shadur |
| P.O. CHOCHOLA #152, individually, ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING

**TO:**   Mr. Gregory E. Kulis**,** vsmith@kulislawltd.com
Mr. David Steven Lipschultz**,** dlipschultz@kulislawltd.com
Ms. Shehnaz I. Mansuri**,** smansuri@kulislawltd.com
Ms. Ronak D. Patel, rpatel@kulislawltd.com
Ms. Kathleen Coyne Ropka**,** kropka@kulislawltd.com

**PLEASE TAKE NOTICE** that on the 28th day of January, 2008, I have caused to be filed with the Clerk of the U.S. District Court, United States Court House, 219 South Dearborn Street, Chicago, Illinois  60604, an Answer to Complaint and Affirmative Defense, a copy of which is attached hereto and served upon you.

*Respectfully submitted,*

Kimberly A. Fladhammer
Assistant Corporation Counsel
City of Joliet                                            **By:**   **/s/ Kimberly A. Fladhammer**
150 West Jefferson Street                                   *One of their attorneys*
Joliet, Illinois 60432
(815) 724-3800
Fax: (815) 724-3801
Reg. No. 06211232

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Filing and Answer to Complaint and Affirmative Defense were served upon the above named by electronic filing on the 28th day of January, 2008.

*/s/ Kimberly A. Fladhammer*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONNIE CREAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 C 6675 |
| ) | |
| P.O. BRIAN NAGRA #300 and ) | Judge Shadur |
| P.O. CHOCHOLA #152, individually, ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSE

**NOW COME** the Defendants, BRIAN NAGRA AND AMY CHOCHOLA, by and through their attorney, Kimberly A. Fladhammer, Assistant Corporation Counsel, and state as follows:

### COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, and accomplished by acts and/or omissions of the Defendants committed under color of law.

**ANSWER**:

Defendants admit this action was brought pursuant to the laws of the State of Illinois.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental Jurisdiction of the State of Illinois.

**ANSWER:**

Defendants admit the allegations of paragraph 2 of Count I of Plaintiff's complaint.

3. The Plaintiff, DONNIE CREAL, at all relevant times was a United States citizen and a resident of the State of Illinois.

**ANSWER:**

The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of Count I and therefore deny the same.

4. The Defendants, P.O. BRIAN NAGRA and P.O. CHOCHOLA, were at all relevant time duly appointed police officers of the City of Joliet acting within their scope of employment and under color of law.

**ANSWER:**

The defendants admit the allegations of paragraph 4 of Count I of Plaintiff's Complaint, but deny any allegation of wrongdoing.

5. On or about December 25, 2005, the Plaintiff, DONNIE CREAL, was in the vicinity of 1007 Gael, Joliet, when the defendants came due to a domestic disturbance.

**ANSWER:**

The defendants admit the allegations of paragraph 5 of Count I of Plaintiff's Complaint.

6. The Plaintiff questioned the police for the way they were acting.

**ANSWER:**

The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of Count I and therefore deny the same.

7. The Plaintiff was not committing any crime or breaking any laws.

**ANSWER:**

The defendants deny the allegations of paragraph 7 of Count I of Plaintiff's Complaint.

8. The Defendants without just cause or provocation physically attacked the Plaintiff and pepper sprayed him.

**ANSWER:**

The defendants deny the allegations of paragraph 8 of Count I of Plaintiff's Complaint.

9. The Defendants attacked the Plaintiff DONNIE CREAL and then placed him under arrest.

**ANSWER:**

The defendants deny the allegations of paragraph 9 of Count I of Plaintiff's Complaint.

10. The Plaintiff DONNIE CREAL was injured.

**ANSWER:**

The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of Count I and therefore deny the same.

11. Said use of force was unprovoked, excessive and unreasonable.

**ANSWER:**

The defendants deny the allegations of paragraph 11 of Count I of Plaintiff's Complaint.

12. Said actions of the Defendants were intentional, willful and wanton.

**ANSWER:**

The defendants deny the allegations of paragraph 12 of Count I of Plaintiff's Complaint.

13. Said actions of the Defendants violated Plaintiff DONNIE CREAL's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights as protected by 42 U.S.C. §1983.

**ANSWER:**

The defendants deny the allegations of paragraph 13 of Count I of Plaintiff's Complaint.

14. As a direct and proximate consequence of said conduct of the Defendants, P.O. BRIAN NAGRA and P.O. CHOCHOLA, the Plaintiff, DONNIE CREAL, suffered violations of this constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

**ANSWER:**

The Defendants deny the allegations of paragraph 14 of Count I of Plaintiff's Complaint.

***WHEREFORE***, Defendants pray this Honorable Court will dismiss the Complaint at Law and award the defendants the cost of suit and any other relief deemed equitable and just.

## COUNT II – FALSE ARREST

1-10. The Plaintiff, DONNIE CREAL, hereby realleges and incorporates his allegations of paragraphs 1-10 of Count I as his respective allegations of paragraphs 1-10 of Count II as though fully set forth herein.

**ANSWER:**

The defendants incorporate their answers to Paragraphs 1-10 of Count I as though fully set forth herein.

11. Plaintiff DONNIE CREAL was charged with numerous charges.

**ANSWER:**

The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of Count II and therefore deny the same.

12. The charges were false.

**ANSWER:**

The defendants deny the allegations of Paragraph 12 of Count II of Plaintiff's Complaint.

13. The Defendants did not have probable cause to arrest Plaintiff DONNIE CREAL.

**ANSWER:**

The defendants deny the allegations of Paragraph 13 of Count II of Plaintiff's Complaint.

14. Said actions of the Defendants were intentional, willful and wanton.

**ANSWER:**

The defendants deny the allegations of Paragraph 14 of Count II of Plaintiff's Complaint.

15. Said actions of the Defendants violated Plaintiff DONNIE CREAL's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights as protected by 42 U.S.C. §1983.

**ANSWER:**

The defendants deny the allegations of Paragraph 15 of Count II of Plaintiff's Complaint.

16.     As a direct and proximate consequence of said conduct of the Defendants, P.O. BRIAN NAGRA and P.O. CHOCHOLA, the Plaintiff, DONNIE CREAL, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary loss and expense.

**ANSWER:**

The defendants deny the allegations of Paragraph 16 of Count II of Plaintiff's Complaint.

*WHEREFORE,* Defendants pray this Honorable Court will dismiss the Complaint at Law and award the defendants the cost of suit and any other relief deemed equitable and just.

### COUNT III – MALICIOUS PROSECUTION

1-12.   The Plaintiff hereby realizes and incorporates his allegations of paragraphs 3-14 of Count II as his respective allegations of paragraphs 1-10 of Count III.

**ANSWER:**

The defendants incorporate their answers to paragraphs 3-14 of Count II as though fully set forth herein as their answers to paragraphs 1-10 of Count III.

13.     The defendants proceeded with the charges knowing they were false.

**ANSWER:**

The defendants deny the allegations of paragraph 13 of Count III of Plaintiff's complaint.

14. The charges were resolved in favor of the Plaintiff.

**ANSWER:**

The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of Count III and therefore deny the same.

15. As a result of the actions of the defendants the Plaintiff suffered emotional distress, fear, anxiety and monetary expense.

**ANSWER:**

The defendants deny the allegations of paragraph 15 of Count III of Plaintiff's complaint.

**WHEREFORE**, Defendants pray this Honorable Court will dismiss the Complaint at Law and award the defendants the cost of suit and any other relief deemed equitable and just.

**AFFIRMATIVE DEFENSES – QUALIFIED IMMUNITY**

Qualified immunity bars plaintiff's claims against defendants, P.O. BRIAN NAGRA #300 AND P.O. CHOCHOLA #152, as any of the actions taken by the defendants were discretionary, did not violate clearly established statutory or constitutional rights, and were objectively reasonable.

*Respectfully submitted,*

By:     */s/ Kimberly A. Fladhammer*
                *One of their attorneys*

Kimberly A. Fladhammer
Assistant Corporation Counsel
City of Joliet
150 West Jefferson Street
Joliet, Illinois 60432
(815) 724-3800
Fax: (815) 724-3801
Reg. No. 06211232