

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNIE CREAL, | ) |
|           Plaintiff, | ) |
| vs. | ) No. 07 C 6675 |
| P.O. BRIAN NAGRA #300 and | ) Judge Shadur |
| P.O. CHOCHOLA #152, individually, | ) Magistrate Judge Valdez |
|           Defendants. | ) |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26 (c) and Local Rule 26.2, the Court hereby finds:

A.   That the need for discovery involving the production and disclosure of documents, data and other materials and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition is anticipated; and

B.   The scope of discovery will encompass the production of documents or oral testimony relating to matters that the Joliet Police Department (Department) may consider part of its confidential operations and to personnel and disciplinary records of present and former members that the Department may consider as containing highly sensitive and confidential personal, employment, disciplinary or law enforcement information of a non-public nature (hereinafter referred to as "Confidential Matter").

The scope of discovery will also encompass the production of documents or oral testimony relating to Plaintiffs' medical records, psychological records, employment records and financial records, which contain confidential personal, private and highly

sensitive information of a non-public nature (hereinafter referred to as "Confidential Matter").

It is understood that while this Confidential Matter may be subject to discovery in this action, the Department may take the position that it should not be generally available to the public. It is further understood that the designation of information as "Confidential Matter" does not create any presumption for or against that treatment.

  C.  Accordingly, the Court finding good cause for entry of this protective order,

***IT IS HEREBY ORDERED:***

  1.  When used in this protective order, the word "document" or "documents" means all personnel and disciplinary materials, in any form, produced during discovery, including, but not limited to, designated interrogatory answers, designated requests to admit and responses thereto, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena or by agreement, deposition transcripts and exhibits and any portion of any court papers which quote from or summarize any of the foregoing.

  2.  The word "party" or "parties" as used in this order means the parties to this action.

  3.  The word "counsel" as used in this order means the attorney or attorneys of record appearing for any party to this action.

  4.  As used in this order, the term "discovering party" means the party obtaining any document or documents as described in paragraph 1; the term "responding party" or "producing party" means the person or party producing any document or documents as described in paragraph 1.

  5.  This order governs all "Confidential Matter", including all copies, excerpts, or notes thereof, whether produced by parties or by non-parties. All "Confidential

Matter" material shall be used only for purposes of preparation for trial or trial of this cause, not for any other litigation or business purpose, and shall be disclosed only in accordance with the terms of this order.

6.   This order does not restrict the collection or dissemination of materials acquired by a party independently of discovery in this litigation.

7.   With respect to Confidential Matter that has been or will be requested through discovery, no party shall withhold all or any part of the same on the ground that it contains sensitive and confidential information, but shall identify such matter as being "Confidential Matter."

8.   Each page of each document designated as Confidential Matter shall, at a minimum, be marked as "confidential" in such a way so as not to interfere with the substance of the document. A record shall be maintained of all copies made of documents bearing this confidential designation. In addition to this designation, the producing party may affix identifying numbers to the pages of material designated as Confidential Matter. Any party adopting a numerical identification system shall inform all other parties that such a system is being used. No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation and the identifying number appearing on the copy.

9.   All documents designated as Confidential Matter shall be examined and otherwise used solely by counsel, or other attorneys and/or employees of counsel's firms, only for the purposes of this litigation, and for no other purposes, except that disclosure to the following persons is permitted pursuant to the provisions of Paragraph 10, below:

   a.   Non-party witnesses, to the extent reasonably necessary to obtain relevant information and for purposes of the preparation of and trial of this litigation;

      b.      experts retained to furnish technical or expert services specifically for this litigation or to give testimony in connection with this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation;

      c.      deponents, during the course of their depositions, to the extent reasonably necessary to obtain relevant information from the deponent, provided that to the extent that portions of the transcript of any depositions, or the exhibits thereto, incorporate the Confidential Matter, such transcripts and exhibits shall be subject to the terms of this protective order in the same manner as Confidential Matter.

      d.      the Court and court personnel, under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from the Court for the Confidential Matter.

      10.    Before disclosing Confidential Matter to any persons enumerated in paragraphs 9(a) through (c) above, counsel in this action must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, are to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. In addition, such counsel shall obtain from each person intending to review Confidential Matter under the authority granted in paragraphs 9(a) through (c) an affidavit stating such before the disclosure of any documents or information subject to this order. Copies of such signed affidavits shall be immediately produced to counsel for the other parties, except that in lieu of production to counsel, a party may move the Court to enter an order directing that an affidavit of a consultant, non-testifying expert be filed under seal with the Court. No document may be filed under seal except with prior Court approval that was obtained pursuant to the procedures set forth in Local Rule 26.2. If a party files with the court a document containing Confidential Material, only the

Confidential Material, not the entire document, shall be filed under seal. The public version of the document shall be as complete as possible, but may redact the Confidential Material or refer to it in a way that does not reveal the confidential information. A courtesy copy of any brief or motion containing the Confidential Material shall be delivered to the judge considering the matter. This responsibility is binding on all attorneys of record.

11. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others.

After the case is closed in District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty (60) days after the case is closed. Any documents that are not so withdrawn will become part of the public case file.

12. Nothing in this order shall be construed to limit the ability of the discovering party or his counsel to make public disclosure of statistical information derived from information compiled or deduced from the Confidential Matter, provided that the identity of individuals, including parties, employees or officers of parties, other police officers, complaining witnesses and other third parties is not revealed or otherwise compromised by the disclosure. It shall be the obligation of the discovering party to make such redaction before any such disclosure is made, subject to notice and review by the producing counsel, and if necessary, by the Court. As used in this paragraph, the term "statistical information" includes any conclusions or interpretations drawn by the publishing party from the data produced.

13. Notwithstanding the foregoing provisions, the producing party shall have the right to redact from all documents produced in discovery any and all references to any individual police officer's social security number, home address, the names, addresses and occupations of his family members under sixteen years of age, names of his insurance beneficiaries and nature of his insurance coverage, his date of birth, and driver's license number.

14. By this Protective Order, the discovering party or an interested member of the public does not waive its right to make application to the Court, with at least seven days notice to the producing party and other parties to the litigation, that any Confidential Matter or redacted material produced by a responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this protective order. If disputes arise concerning the propriety of designating particular documents as Confidential Matter, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes.

15. This protective order may only be modified by further order of this Court upon application by any party to the Court.

16. The Court may on written motion and for good cause shown enter an order directing that one or more documents to be used in the proceeding be restricted and maintained within a sealed enclosure.

17. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

18. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing in this matter.

ENTERED: July 23, 2008

_____
JUDGE

/s/ Kimberly A. Fladhammer
Attorney for Defendants


/s/ Ronak Patel

**Attorney for Plaintiff**


Date:_____